UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **CYNTHIA RAMOS,** ) | **CASE NO. 1:15 CV 2428** |
| ) | |
| Plaintiff, ) | **JUDGE CHRISTOPHER A. BOYKO** |
| ) | |
| v. ) | |
| ) | **OPINION AND ORDER** |
| **U.S. POST OFFICE,** ) | |
| ) | |
| Defendant. ) | |

**CHRISTOPHER A. BOYKO, J.:**

*Pro se* Plaintiff Cynthia Ramos filed this negligence action in the Berea Municipal Court against the United States Post Office. In the Complaint, Plaintiff alleges a postal carrier caused $200.00 in damage to her mailbox. She seeks $315.00 in damages. The Defendant removed the case to federal court on November 25, 2015.

## I. BACKGROUND

Plaintiff states that on August 25, 2015, her postal carrier hit her mailbox with the postal car, causing the pole to break. She reported the damage to the manager at the post office, but he refused to repair her mailbox. She either repaired it herself or hired a contractor to make the repairs on October 15, 2015. She indicates the repairs cost her $ 200.00. She seeks $ 315.00 in damages.

## II. LAW AND ANALYSIS

**Standard of Review**

While *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365

(1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court may dismiss an action *sua sponte* if the Complaint is so "implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" as to deprive the court of jurisdiction. *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999)(*citing Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). Federal courts are always "under an independent obligation to examine their own jurisdiction," *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231(1990), and may not entertain an action over which jurisdiction is lacking. *See Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982). Defects in subject matter jurisdiction cannot be waived by the parties and may be addressed by the Court on its own motion at any stage of the proceedings. *Curry v. U.S. Bulk Transport, Inc*. 462 F.3d 536, 539-40 (6th Cir. 2006); *Owens v. Brock*, 860 F.2d 1363, 1367 (6th Cir. 1988).

**Federal Tort Claims Act**

The Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680 (the "FTCA"), provides the exclusive jurisdictional basis for tort claims against the United States and its employees for actions committed in the scope of their employment. The United States, as a sovereign, is immune from suit unless it explicitly waives its immunity. *United States v. Sherwood*, 312 U.S. 584, 590–91 (1941). By enacting the FTCA, Congress waived the United States' sovereign immunity under very limited circumstances for claims against the federal government arising from torts committed by federal employees who are acting within the scope of their employment. 28 U.S.C. §§ 1346(b)(1), 2679(d)(1); *United States v. Orleans*, 425 U.S. 807 (1976). Congress defined the exact terms and conditions upon which the government may be sued and the terms of the United States' consent define the parameters of federal court

jurisdiction to entertain suits brought against the United States. *Id.* at 814; *Honda v. Clark*, 386 U.S. 484, 501 (1967).

The parameters placed on these tort claims dictate that they "shall forever be barred unless...presented in writing to the appropriate Federal agency within two years after such claim accrues." 28 U.S.C. § 2401(b). The timely filing of an administrative claim is a requirement of the FTCA. Plaintiff does not indicate that she exhausted her administrative remedies with the United States Postal Service prior to bringing this action. If the administrative requirements of the FTCA have not been fulfilled, the case must be dismissed for lack of jurisdiction. *Dolan v. United States*, 514 F.3d 587, 593 (6th Cir. 2008). This Court cannot extend the waiver of immunity beyond what Congress intended. *United States v. Kubrick*, 444 U.S. 111, 118 (1979). Because the exhaustion requirement of § 2401(b) is a condition of the United States' waiver of immunity, Plaintiff cannot proceed with her tort claim against the post office until the requirement is met.

### III. CONCLUSION

Accordingly, this action is dismissed without prejudice. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

s/ Christopher A. Boyko
CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE

DATED: December 4, 2015

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.